## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

CARL RUSSELL CARTER, JR., ADC #159268                                        PLAINTIFF

v.                                     NO. 3:15CV00090 JLH/JTR

BRETT DUNCAN, Administrator,
Craighead County Jail, *et al.*                                              DEFENDANTS

## ORDER

Carl Russell Carter, Jr., has filed an amended complaint adding new claims and defendants.

Document #10. The Prison Litigation Reform Act requires federal courts to screen complaints filed

by prisoners.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the

prisoner has raised claims that are legally frivolous or malicious, fail to state a claim upon which

relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

A complaint must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8(a)(2) does not require a complaint to

contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement

to relief, which requires more than labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).

In the original complaint, Carter alleged that Jail Administrators Duncan and Hall violated

his constitutional rights and the American's with Disabilities Act ("ADA") by failing to provide

showering accommodations -- such as handrails, shower chairs, and rubber mats -- for him and other

physically disabled prisoners.  Document #1.

In the amended complaint, Carter alleges that Sheriff Boyd also failed to fulfill his obligation

to make the jail showers accessible to physically disabled prisoners.  Document #2.  The Court

concludes, *for screening purposes only*, that Carter has pled a plausible constitutional and ADA claim against Boyd.  Thus, he will be served.

Carter also contends that deputies Mills, Ford, Callaway, Foster, Richardson, Andrews, and French offered him a chance to shower even though they knew that the jail did not have the accommodations he needed.  *Id.*  Carter has not pled any facts suggesting that any of the deputies had the authority to install handrails, purchase shower chairs and rubber mats, or otherwise make necessary accommodations to the jail showers.  Thus, Carter has not pled a viable constitutional or ADA claim against any of the newly named deputies.

Finally, Carter's amended complaint also contains allegations that two unnamed nurses failed to provide him with constitutionally adequate medical care for infections on his feet.  *Id.*  Joinder of that factually and legally unrelated claim against new defendants is improper.  *See* Fed. R. Civ. P. 20(a)(2) (explaining that multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions and occurrences" and involve a "question of law or fact" that is "common to all defendants"); *Bailey v. Doe*; Case No. 11-2410, 2011 WL 5061542 (8th Cir. Oct. 26, 2011) (unpublished opinion) (holding that prisoners cannot defeat the filing fee requirements in § 1915 by joining unrelated and legally distinct claims in one lawsuit).  If Carter wishes to purse a claim about the allegedly inadequate care he received for his feet, he must do so in a new and separately filed § 1983 action.

### CONCLUSION

IT IS THEREFORE ORDERED THAT:

1.      Carter may proceed with his constitutional and ADA claim against Boyd, and all other claims raised in the amended complaint are dismissed without prejudice.

2.      The Clerk is directed to prepare a summons for Boyd.  The U.S. Marshal is directed to serve the complaint, amended complaint, and this Order on him without prepayment of fees and costs or security therefor.

3.      It is certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

DATED this 31st day of August, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE